IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KERRY KNOTT, #308701, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:17-CV-607-MHT |
| ) | [WO] |
| ALA. DEPT. OF CORRECTIONS, ) | |
| ) | |
| Defendant. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is before the court on a complaint filed by Kerry Knott, a state inmate, currently incarcerated at the Easterling Correctional Facility. However, Knott did not file the $350 filing fee and $50 administrative fee required when a plaintiff is not proceeding *in forma pauperis*, nor did he submit an original affidavit in support of a motion for leave to proceed *in forma pauperis* accompanied by the required documentation from the inmate account clerk. Thus, the court did not have the information necessary to determine whether Knott should be allowed to proceed *in forma pauperis* in this case and therefore entered an order requiring that Knott provide the court with this information on or before October 2, 2017. Doc. 2 at 1–2. The court specifically cautioned Knott that failure to comply with this order would result in a recommendation that this case be dismissed. Doc. 2 at 2.

As of the present date, Knott has filed nothing in response to the aforementioned order. The court therefore concludes that this case is due to be dismissed. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, where a

litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion).  In so doing, the court has reviewed the file to determine whether a measure less drastic than dismissal is appropriate. *See Abreu-Velez v. Bd. of Regents of Univ. System of Ga.*, 248 F. App'x 116, 117–18 (11th Cir. 2007).  After this review, the court finds that dismissal of this case is the proper course of action.  This case cannot properly proceed if Knotts will not follow the court's orders or provide the information required of him.  The court therefore concludes that this case is due to be dismissed without prejudice.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for the plaintiff's failure to file the requisite fees or provide the court with necessary financial information in compliance with an order of this court.

The plaintiff may file objections to the Recommendation on or before **October 27, 2017**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which he objects.  Frivolous, conclusive or general objections will not be considered by the District Court. The plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of

justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 13th day of October, 2017.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE